**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**August 27, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Murray American Energy, Inc.,[1]**
**Employer Below, Petitioner**

**v.)**    **No. 23-143**  (JCN: 2019025668)
                    (ICA No. 22-ICA-108)

**Joseph M. Gasvoda,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc. appeals the February 2, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Gasvoda v. Murray American Energy*, Inc., No. 22-ICA-108, 2023 WL 1463708 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision). Respondent Joseph M. Gasvoda filed a timely response.[2] The issue on appeal is whether the ICA erred in affirming, in part, and reversing, in part, the August 22, 2022, decision of the West Virginia Workers' Compensation Board of Review,[3] and remanding the case to the Board of Review due to the claim administrator's November 3, 2022, order adding "other

---

[1] For reasons not readily apparent in the record, the parties identify the employer as "Marshall County Coal Resources, Inc." However, we use the name of the employer as designated in the order on appeal: Murray American Energy, Inc.

[2] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel M. Jane Glauser.

[3] The Board of Review decided the appeal of an order entered by the West Virginia Workers' Compensation Office of Judges on March 25, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022.)

1

specific disorders of tendon, right wrist" as a compensable diagnosis during the pendency of the claimant's appeal to the ICA.

The employer asserts that the ICA erred in reinstating temporary total disability benefits because the claimant was found at maximum medical improvement prior to the addition of the new compensable diagnosis in November 2022. The claimant maintains that the employer points to no erroneous procedure, no arbitrary or capricious conclusions, and no abuse of discretion or jurisdictional error by the tribunals below.

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: August 27, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn